**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Realty Executives International, Inc., )
)
             Plaintiff, )
)
     vs. )
)
Otto E. Lugo, et al., )
)
             Defendants. )
)

No. CV-15-01225-PHX-PGR

ORDER

On September 30, 2015, the defendants filed a Notice of Motion (Doc. 20) that purported to be a motion seeking an order from the Court vacating the judgment of default entered by the Clerk of the Court on September 14, 2015, and dismissing this action for lack of personal jurisdiction and for improper venue. The notice was accompanied by an Attorney's Affirmation of Merit in support of the notice, which set forth the defendants' legal and factual bases for the requested relief, and various exhibits in support of the notice.

On October 1, 2015, the Clerk of the Court informed the parties that the Notice of Motion had been improperly docketed by the defendants' counsel as a motion to dismiss for lack of jurisdiction and that the Clerk had terminated the motion and had re-docketed it as a notice.

On October 5, 2015, the Court entered a order (Doc. 21) that struck the defendants' Notice of Motion (Doc. 20).  That order notified the defendants that their notice failed to comply in various ways with this Court's Local Rules.  The order in part informed the defendants that while the Clerk of the Court had entered default against the defendants, no judgment of default had been entered against them by the Clerk, and it specifically advised the parties' counsel that the caption of any future document filed in this Court had to comply with the party name capitalization rule of LRCiv 7.1(a)(3).  The order further stated:

> If the defendants wish to file an actual motion, accompanied by a proper memorandum of points and authorities, seeking to set aside the entry of default pursuant to Fed.R.Civ.P. 55(c), and/or seeking to dismiss this action pursuant to Fed.R.Civ.P. 12(b) (2), (3), (4) and/or (5), they have the right to do so but any such motion must be properly denominated as such a motion and must comply with all of the applicable provisions of LRCiv 7.1 and 7.2.

On October 8, 2015, the defendants filed a Motion to Set Aside Default Judgment and to Dismiss for Insufficient Service of Process, Improper Venue and for Lack of Personal Jurisdiction (Doc. 23).  The Court will strike the defendants' motion without prejudice as not being in compliance with this Court's Local Rules and for other deficiencies.

First Deficiency - Although the body of the motion states that the defendants are moving in part to set aside the Clerk's entry of default, the motion is improperly captioned in part as being a Motion to Set Aside Default Judgment. **Any re-filed motion must be captioned as seeking the relief actually being sought.**

Second Deficiency - The parties' names in the caption of the motion are fully capitalized in violation of LRCiv 7.1(a)(3) ("Party names must be capitalized using proper upper and lower case type.") **Any re-filed motion must be properly captioned in accordance with LRCiv 7.1.**

- 2 -

Third Deficiency - The motion states that it is supported by "the 'Affirmation of Merit' of John G. Poli, III, Esq., dated September 24, 2015, and Memorandum in Support, dated October 4, 2014[.]" No such documents are attached to the motion. If the defendants are attempting to incorporated by reference documents attached to their previous Notice of Motion, they may not do so since the previous Notice of Motion and all of its accompanying documents were stricken from the record.  In any case, the Court does not want an "Affirmation of Merit" from the defendants' counsel. What the Court requires is a proper memorandum of points and authorities setting forth the legal and factual bases for the relief sought by the defendants.  **Any re-filed motion must be accompanied by a proper memorandum of points and authorities, labeled as such, as required by LRCiv 7.2(b).**

Fourth Deficiency - The motion states that it is supported by "Exhibits 'A' through 'K' annexed thereto[.]"  While the motion has exhibits lettered A through K attached to it, the exhibits are attached in the following order: H, I, F, G, A, B, C, D, E, K, J.  **Any re-filed motion must have exhibits attached in their proper order.**

The defendants are admonished that if the Court has to waste any more scarce judicial resources pointing out patently obvious deficiencies in their documents filed with the Court, the Court will likely impose an appropriate sanction on the defendants and/or their counsel.

Also pending before the Court is the plaintiff's Motion for Default Judgment and Request for Default Judgment Hearing (Doc. 22).  This cursory motion is also deficient because it is not accompanied by the memorandum of points and authorities required by LRCiv 7.2(b).  Rather than just striking the motion, the Court will deny it without prejudice to being re-filed, if appropriate, after the Court resolves the procedural issues the defendants have been attempting to raise inasmuch as

the Court cannot in any case enter default judgment if it has no personal jurisdiction over the defendants.  Therefore,

IT IS ORDERED that the defendants' Motion to Set Aside Default Judgment and to Dismiss for Insufficient Service of Process, Improper Venue and for Lack of Personal Jurisdiction (Doc. 23) is stricken without prejudice to being re-filed in a manner that fully complies with this Order and the Court's Local Rules of Practice.

IT IS FURTHER ORDERED that the defendants shall, no later than **November 6, 2015**, either file their motion pursuant to Fed.R.Civ.P. 55(c) and/or Fed.R.Civ.P. 12(b) or a statement that they are not going to file any such motion.

IT IS FURTHER ORDERED that the plaintiff's Motion for Default Judgment and Request for Default Judgment Hearing (Doc. 22) is denied without prejudice to being properly re-filed, if appropriate, after any issues regarding the propriety of the entry of default, service of process, venue and personal jurisdiction are resolved by the Court.

DATED this 15th day of October, 2015.

Paul G. Rosenblatt
United States District Judge

- 4 -