**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Realty Executives International, Inc.

        Plaintiff,

    vs.

Otto E. Lugo, et al.,

        Defendants.

No. CV-15-01225-PHX-PGR

<u>ORDER</u>

        Pending before the Court is Defendants' Motion (1) to Set Aside Clerk's Entry of Default and (2) to Dismiss this Action for Insufficient Service of Process, Improper Venue and for Lack of Personal Jurisdiction (Doc. 26).  Having reviewed the parties' memoranda and the relevant record, the Court finds that the defendants were not properly served with process and that the plaintiff should be given leave to properly re-serve the defendants.[1]

<u>Background</u>

        According to the Complaint, this action for trademark infringement, false

---

[1]

        The plaintiff states in its response (Doc. 30) that it does not contest setting aside the Entry of Default (Doc. 19) so that portion of the defendants' motion is no longer at issue.

designation of origin, and breach of contract arose from a Regional Development Agreement and a Franchise Agreement between plaintiff Realty Executives International, Inc. and the four named defendants, Otto E. Lugo, Linda Bonarelli Lugo, Long Island Partners, Inc. dba Realty Executives West, and Huntington Homes, Inc. dba Realty Executives Northshore.  The Lugos are a married couple residing in New York; Mr. Lugo is the president of Long Island Partners, a New York corporation, and Mrs. Lugo is the president of Huntington Homes, a New York corporation.  The Complaint alleges that the defendants entered into franchise or subfranchise agreements which permitted them to use the plaintiff's Realty Executives logotypes, service marks, trademarks, and business information in order to operate Realty Executives franchises within specific geographic regions.  The Complaint further alleges that the defendants have continued to use the plaintiff's intellectual property notwithstanding that the plaintiff terminated their right to do so.

Motion to Dismiss for Insufficient Service of Process[2]

The defendants have moved in part to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(5) on the ground that none of the defendants were properly served pursuant to federal and/or New York state law. Since the defendants have challenged the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service was made. Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir.2004).

---

[2]

Although the defendants' motion is captioned as being in part a motion to dismiss for lack of personal jurisdiction, the Court construes this as referring solely to a contention that the Court did not acquire personal jurisdiction over the defendants because they were not properly served with process.  The Court does not construe the motion as arguing that there is no general or specific personal jurisdiction over the defendants in the District of Arizona since the defendants make no such argument in their memoranda.  For that reason, the Court does not reach the plaintiff's argument in its response that there is personal jurisdiction in this District over the defendants pursuant to the principle of purposeful direction.

Pursuant to Fed.R.Civ.P. 4(e), service of process may be made in conformity with federal law, the law of the forum state, or the law of the state where service is made. Since the plaintiff argues that the defendants were properly served with process in New York in compliance with New York's Civil Practice Law Rules ("CPLR"), the Court will resolve the service issues solely under New York law.   The Court concludes that none of the defendants were properly served in the manner required by the CPLR and that the deficiencies in the manner of service are apparent from the face of the plaintiff's affidavits of service without reference to the defendants' submitted controverting evidence.

A. Otto Lugo

All four of the plaintiff's affidavits of service were signed by Rick Amatulli, the plaintiff's New York process server.  According to the affidavit of service (Doc. 12) regarding Otto Lugo, Mr. Amatulli served Mr. Lugo with a copy of the summons and complaint on July 15, 2015 at 2:27 p.m. at the address of Long Island Partners Inc.-Realty Executives West in West Hempstead, New York, Mr. Lugo's place of work, through a "suitable age person" named Noreen Khan.  The affidavit states in relevant part that Ms. Khan is 30 years old and that she is an agent of the defendant's company who accepted service for Mr. Lugo personally.  The affidavit further states that Mr. Amatulli completed service by mailing a copy of the summons and complaint on July 15, 2015 by first class mail in an envelope marked "Personal and Confidential" that was addressed to Long Islands Partners Inc.-Realty Executives West at its West Hempstead, New York address.

In a controverting affidavit submitted by the defendants (Exhibit E to Doc. 26-1), Noreen Khan states in part that she is employed as a part-time secretary for Realty Executives West, that Mr. Amatulli never asked her about her employment

status or whether she was authorized to accept any documents for Mr. Lugo personally at the corporate address, that she told him that she was not authorized to sign for any documents or packages on behalf of Mr. Lugo personally, and that he dropped an envelope on her desk after asking her how to spell her name.  Ms. Khan does not state anything about her age in her affidavit.[3]

The issue here is whether Mr. Lugo was properly served pursuant to CPLR 308, which governs personal service on a natural person.  CPLR 308(2), which is the subsection applicable here, provides in relevant part that service on an individual may be made

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... of the person to be served and by ... mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential[.]"... [P]roof of service shall identify such person of suitable age and discretion and state the date, time and place of service[.] ...

The Court concludes, based solely on the face of the affidavit of service, that Mr. Lupo was not properly served pursuant to CPLR 308(2).  New York law recognizes that service pursuant to CPLR 308(2) is a two-step process in which a proper delivery and a proper mailing are both essential.  *See* Zarcone v. Condie, 62

---

[3]

The defendants submitted with their reply a declaration from Otto Lugo that states in part that he has never appointed Noreen Khan to be a designated agent to receive service of process on behalf of either him personally or for Long Island Partners.  The Court has not considered this declaration because it was improperly submitted with the defendants' reply, given that could have been and should been submitted with their motion, and because the declaration is in any case not necessary to the Court's resolution of the service issues, which is based solely on the face of the affidavits of service.

F.R.D. 563, 567 (S.D.N.Y.1974) (Court ruled that service under CPLR 308(2) was defective because the plaintiff "complied with only one prong of the two prong requirement contained in Section 308(2)."); Phillip v. City of New York, 2012 WL1598082, at *2 (E.D.N.Y. May 7, 2012) ("The first two steps of personal service pursuant to § 308(2), delivery and mailing of the summons, are jurisdictional requirements, and failure to properly perform either of them results in dismissal of the action."); Gay v. Carlson, 1992WL309819, at *4 (S.D.N.Y. Oct. 15, 1992) ("In order for service to be effected under New York law, both prongs of Section 308(2) must be satisfied.") Service on Mr. Lugo was deficient because the plaintiff has not established that the mailing component of CPLR 308(2) was strictly complied with inasmuch as the affidavit of service does not specify that a copy of the summons and complaint addressed to Mr. Lupo was mailed to him - the affidavit merely states that a copy addressed to Long Island Partners Inc.-Realty Executives West was mailed.

B. Long Island Partners

According to the affidavit of service (Doc. 13) regarding Long Island Partners, Inc. dba Realty Executives West, Mr. Amatulli also served it on July 15, 2015 at 2:27 p.m. at its West Hempstead, New York address by service on Noreen Khan as its "authorized agent." Mr. Amatulli states that he informed Ms. Khan of the contents of the service documents in compliance with state statutes.  In her controverting affidavit, Ms. Khan states that Amatulli never told her what document he was delivering to her, that she told him that she was not authorized to sign for any documents or packages on behalf of the company, and that she is not and never has been an authorized agent to accept service on behalf of Long Island Partners.

CPLR 311(a)(1) provides that personal service on a domestic corporation

must be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

The Court cannot conclude that Long Island Partners was properly served because, even without consideration of Ms. Khan's controverting affidavit, the plaintiff has not provided any evidence establishing that Ms. Khan was in fact an authorized corporate agent for service of process purposes. Mr. Amatulli's mere conclusory and unsupported statement in his affidavit of service that she was an authorized agent is simply not sufficient to meet the plaintiff's burden of proof. *See* Global Connect Strategic Voice of Broadcasting Corp. v. Oxford Collection Agency, Inc., 856 N.Y.S.2d 635, 636 (N.Y.App.Div.2008) (Court affirmed that no proper service on a corporation was made under CPLR 311(a)(1) because there was no evidence that the process server made any "inquiry of the person to whom the summons and complaint were personally delivered regarding the authority of that person to accept process pursuant to CLPR 311(a)(1), nor was there any indication that the recipient of the summons and complaint made any representation to the process server of having authority to receive service on behalf of the defendant corporation[.]")

C. Linda Lugo

According to the affidavit of service (Doc. 15) regarding Linda Lugo, Mr. Amatulli served Mrs. Lugo with the summons and complaint on July 20, 2015, at either 1:10 p.m. or 1:50 p.m. (the affidavit sets forth both times without an explanation), at the address of Huntington Homes, Inc., Realty Executives North Shore in Huntington, N.Y., her place of work. Although Mr. Amatulli states in one place in his affidavit that he "affixed" the documents to the door of the business, he

later, contradictorily, states that on July 20th, after three earlier service attempts, the service "papers were finally slipped under the door." Mr. Amatulli further states that he completed service by mailing a copy of the summons and complaint to the address of Huntington Homes, Realty Executives North Shore in Huntington, N.Y.

The defendants have submitted the affidavit (Exhibit F to Doc. 26) of Melanie Nici, an administrative assistant for Realty Executives Northshore, who states that she found "legal papers" on her desk when she came to work on July 22, 2015, that she immediately telephoned Mrs. Lugo to advise her of the paperwork, and that she was advised by a sales agent for Realty Executives Northshore that the agent had found the "legal papers" lying on the floor just past the front door when the agent came to the office on the evening of July 21, 2015.

The plaintiff contends that this service, which it describes as Mr. Amatulli "slipp[ing] the papers under the door directly into the office," was sufficient because it complied with the so-called "nail and mail" service procedure of CPLR 308(4). Under the relevant portion of this provision, service of process on an individual may be made

> where service under paragraphs one [personal delivery to the person to be served] and two [delivery to a person of suitable age and discretion] cannot be made with due diligence, by affixing the summons to the door of ... the actual place of business ... of the person to be served and by ... mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential[.]'

The Court concludes that Linda Lugo was not properly served. First, the affidavit of service does not establish that the mailing component of § 308(4) was strictly met because Mr. Amatulli does not state that the service documents he

mailed were addressed to Mrs. Lugo, the person to be served; rather, he merely states that he mailed the service documents to the address of Huntington Homes.

Second, as the plaintiff concedes in its response, the service "documents admittedly were not 'affixed to' the glass door" of Mrs. Lugo's place of work, and the plaintiff has not cited the Court to any case law establishing that slipping service documents under a door comports with the "nail" component of § 308(4). *See* Empire Ins. Co. v. Marquez, 564 N.Y.S.2d 232 (N.Y.App.Div.1990) (Court concluded that wedging the service documents in the door frame of a locked screen door without taping, tacking or nailing the summons to the locked door was not an affixation within the meaning of CPLR § 308(4).); *accord*, Pacamor Bearings, Inc. v. Foley, 460 N.Y.S.2d 662, 664 (N.Y. App.Div.1983) (Court concluded that "the wedging of the summons between the screen door and the door jamb is not an 'affixation' within the meaning of [CPLR 308(4)].  The affixing of a summons to the door is to be accomplished by the use of a nail, tack, tape, rubber band or some other device[.]")

D. Huntington Homes, Inc.

The affidavit of service (Doc. 14) regarding Huntington Homes, Inc. dba Realty Executives Northshore is an exact duplicate of the affidavit of service on Linda Lugo, which means that Mr. Amatulli also used the "nail and mail" procedure of CLPR 308(4) on this corporate defendant.  This manner of service on Huntington Homes is insufficient because it clearly fails to comply with the requirement of CPLR 311(a)(1) that a domestic corporation be served by delivering the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  *See* Lakeside Concrete Corp. v. Pine Hollow Building Corp., 479 N.Y.S.2d 256 (N.Y.

App.Div.1984) (Court held that service on a corporation pursuant to CPLR 308, which is only applicable to service on a natural person, does not constitute proper service on a corporate defendant.), *aff'd without op.*, 493 N.Y.S.2d 309 (1985).

Although the Court does not disagree with the plaintiff's contention that all of the defendants actually received notice of this action, actual notice does not excuse the lack of proper service of process under New York law since that law requires strict compliance with statutory methods for completing service. *See* National Development Co. v. Triad Holding Corp., 930 F.2d 253, 256 (2d Cir.1991) ("We reject the notion that 'actual notice' suffices to cure a void service."); Macchia v. Russo, 496 N.E.2d 680, 682 (NY 1986) ("In a challenge to service of process, the fact that a defendant has received prompt notice of the action is of no moment[.] Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court.") (internal citation omitted); Pierce v. Village of Horseheads Police Dept., 970 N.Y.S.2d 95, 97 (NY App.Div.2013) ("Plaintiff failed to serve process on defendants in accordance with the CPLR. Because service of process is necessary to obtain personal jurisdiction over defendants, courts require strict compliance with the statutory methods of service. When the requirements of service of process have not been met, it is irrelevant that the defendant may have actually received the documents, because notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court.") (internal quotation marks and brackets omitted.)

Motion to Dismiss for Improper Venue

The defendants also assert in their motion that this action should be dismissed pursuant to Fed.R.Civ.P.12(b)(3) for improper venue.  Their basic contention is that venue is patently improper in the District of Arizona because "the defendants' Realty

1    Executives franchise agreements all include 'choice of law,' 'forum selection' and

2    'arbitration provisions,' all of which be 'venued' in  state and/or federal court located

3    in New York State (i.e. Nassau County)[.]"   The plaintiff alleges in ¶ 14 of its

4    Complaint that "[v]enue is proper in this judicial district pursuant to 28 U.S.C. § 1391

5    and pursuant to the contracts between the parties, specifically the RDA, wherein the

6    defendants waived venue objections."

7           The Court declines to make any substantive ruling on the issue of appropriate

8    venue at this time due to the failure of both sides to provide the Court with the proper

9    argument and record necessary for such a determination.   By way of brief example,

10   the Court notes the following basic deficiencies.  First, the plaintiff has submitted with

11   its response a copy of a Regional Development Agreement ("RDA") (Exhibit 1 to

12   Doc. 30).   The plaintiff's contention that the defendants have contractually waived

13   any objections to jurisdiction or venue in this District is based on the provisions of

14   this RDA.  However, the Court cannot conclude that the RDA binds all, or any, of the

15   defendants because the RDA, which contains no effective date but which was

16   signed by the parties in August of 2007, was signed on the part of the franchisees

17   only by defendant Otto Lugo and non-party Steve Lagoudis in their capacity as

18   "Regional Developer;" the plaintiff  has also submitted an addendum to the RDA

19   which is only between the plaintiff, as franchisor, and non-party New York

20   Executives, Inc., as franchisee, which was also signed only by Otto Lugo and Steve

21   Lagoudis.  Although the Complaint alleges that the defendants are alter egos and

22   agents of each other,  the plaintiff makes no cogent argument in its response

23   supporting that allegation.  Furthermore, the plaintiff also makes no argument as to

24   why the choice of law, jurisdiction and venue provisions of the RDA survive the

25   plaintiff's pre-litigation termination of the RDA.

26

- 10 -

Second, the defendants' contention that New York law governs this action and that the venue of this action is contractually-required to be in Nassau County, New York is based on two Realty Executives subfranchise agreements, both of which have an effective date of February 6, 2013, which they have submitted as exhibits to their motion; the plaintiff's choice of law and choice of forum-related arguments do not include any cogent discussion of these agreements. These agreements are between non-party subfranchisor New York Executives Inc., a regional developer for the plaintiff, which Otto Lugo signed as president, and subfranchisee Long Island Partners, Inc., which Otto Lugo also signed as president (Exhibit G to Doc. 26-2), and subfranchisee Huntington Homes, Inc., which Linda Lugo signed as president (Exhibit H to Doc. 26-2).  The plaintiff is not a named party to the agreements, although it is made an intended third party beneficiary to them with the right to enforce the provisions of the agreements against Long Island Partners and Huntington Homes with respect to the provisions of the agreements pertaining to the plaintiff's intellectual property. Notwithstanding the defendants' reliance on these agreements for their venue-related assertions, their memoranda are bereft of any cogent argument as to whether the forum selection provision of the subfranchise agreements, which on its face only states, in a provision dealing with mediation and arbitration, that the plaintiff "may" bring an action for preliminary injunctive or other preliminary judicial relief in a Nassau County court, constitutes a mandatory forum selection clause, *i.e.*, one requiring this litigation to be brought solely in the selected forum, or is a permissive one, *i.e.*, one permitting this litigation to be brought either in the designated forum or another appropriate forum.  The same issue applies to the forum selection clause in the RDA.

Third, while the defendants assert in their motion and reply that the "interests

of justice" would be better served if this action were to be transferred to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a) and §1406(a) if the Court declines to dismiss the action, their mere contention that access to evidence is more readily available in New York and the defendants have greater contacts there is simply too cursory and conclusory to be a basis for a transfer of venue.  If the defendants believe that a transfer to New York is appropriate pursuant to 28 U.S.C. § 1404(a) and/or § 1406(a), they must file a separate motion to do so that is properly argued and supported.  Therefore,

IT IS ORDERED that Defendant's Motion to Set Aside Clerk's Entry of Default (part of Doc. 26) is granted as unopposed and the Clerk of the Court's Entry of Default (Doc. 19) as to all of the defendants is vacated in its entirety.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss this Action for Insufficient Service of Process and for Lack of Personal Jurisdiction (part of Doc. 26) is granted pursuant to Fed.R.Civ.P. 12(b)(5) to the extent that service of process on all of the defendants is quashed and that the plaintiff shall properly effectuate service of process on the defendants no later than **April 29, 2016**.[4]

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss for Improper Venue (part of Doc. 26) is denied without prejudice.

DATED this 31st day of March, 2016.

Paul G. Rosenblatt
United States District Judge

---

[4]       Given the defendants' participation in this action, the Court expects them to consider having their counsel accept service on their behalf in order to reduce the costs of this action.

- 12 -