**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Realty Executives International, Inc., | |
| Plaintiff, | No. CV-15-01225-PHX-PGR |
| vs. | ORDER |
| Otto E. Lugo, et al., | |
| Defendants. | |

Pending before the Court are several intertwined motions: the plaintiff's Motion for Default Judgment and Request for Default Judgment Hearing (Doc. 46); Defendants' Motion to Set Aside Clerk's Entry of Default (Doc. 48); and the plaintiff's Motion to Strike Defendants' Answer (Doc. 50). Having reviewed the parties' memoranda in light of the record of this action, the Court, in the exercise of its discretion, finds that the default entered against the defendants on June 10, 2016 should be set aside and that the litigation of this action should go forward.

Background

The plaintiff commenced this trademark infringement action on July 1, 2015. At the plaintiff's request (Doc. 16), the Clerk of the Court entered default against all four defendants on September 14, 2015 (Doc.19). On September 30, 2015, the

defendants, all of whom are citizens of New York, filed a Notice of Motion (Doc. 20) through their New York counsel, wherein they sought to have the Clerk's judgment by default [sic] vacated due to insufficient service of process and to have this action dismissed for lack of personal jurisdiction and for improper venue.  On October 5, 2015, the Court struck the Notice of Motion without prejudice due to its failure to comply with this District's Local Rules (Doc. 21).

On October 6, 2015, the plaintiff filed a motion for default judgment against all of the defendants (Doc. 22).  On October 8, 2015, the defendants filed a Motion to Set Aside Default Judgment [sic] and to Dismiss for Insufficient Service of Process, Improper Venue and for Lack of Personal Jurisdiction (Doc. 23).  On October 15, 2015, the Court again struck the defendants' motion without prejudice due to its various procedural deficiencies (Doc. 24).  On November 6, 2015, the defendants, through both their New York counsel and their newly added local counsel, filed a Motion (1) to Set Aside Clerk's Entry of Default and (2) to Dismiss This Action for Insufficient Service of Process, Improper Venue and for Lack of Personal Jurisdiction (Doc.26). Exhibit C to the defendants' motion (Doc. 26-1) was a Verified Answer With Affirmative Defenses, dated September 24, 2015, but the document was not separately filed as an answer.

In an Order entered on March 31, 2016 (Doc. 37), the Court, first, set aside the default entered against the defendants as unopposed, second, found that none of the defendants had been properly served with process and quashed the service on all of the defendants and ordered the plaintiff to re-serve the defendants by April 29, 2016, and third, declined to rule on the improper venue issue because the record submitted by the parties was too insufficient to make such a ruling.

The defendants' local counsel accepted service of process on behalf of all of

- 2 -

the defendants on April 26, 2016 (Docs. 38-41). At the plaintiff's request (Doc. 44), which came after time had expired for the defendants to file their answer after being re-served, the Clerk again entered default against all of the defendants on June 2, 2016 (Doc. 45). The plaintiff filed its pending motion for default judgment on June 9, 2016 (Doc.46). On June 10, 2016, the defendants filed their Verified Answer With Affirmative Defenses (Doc. 47); at the same time, they filed their pending motion to set aside the entry of default (Doc. 48). The plaintiff filed its pending motion to strike the defendants' answer on June 15, 2016 (Doc.50).

In accordance with the Court's Order Setting Scheduling Conference, entered on May 3, 2016 (Doc. 42), the parties' filed their Joint Case Management Report on June 17, 2016 (Doc. 51).

Discussion

Pursuant to Fed.R.Civ.P. 55(c), the Court may set aside the default entered against the defendants "for good cause." In making this determination, the Court considers three disjunctive factors: (1) whether the defendants' culpable conduct led to their default; (2) whether the defendants have a meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). The Court must be "solicitous towards movants[,]" *id.* at 1089, in exercising its "especially broad" discretion to set aside a default. O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir.1994) ("Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.")

The Court initially notes that the Clerk of the Court may enter a default pursuant to Fed.R.Civ.P. 55(a) only again a party who has "failed to plead or

otherwise defend." Here, all four defendants had demonstrated a clear purpose to defend this action, and had in fact actively defended this action, prior to being defaulted for the second time. For that reason alone, the second entry of default was improper. *See* Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir.1988) (Noting that a default entered by the clerk after a defendant has appeared is void *ab initio*.)

Furthermore, the Court concludes that all three of the "good cause" factors favor vacating the entry of default. First, while the Court agrees with the plaintiff that the defendants have not adequately explained why they untimely filed their Verified Answer With Affirmative Defenses after being re-served, the Court cannot conclude from the existing record that their three-week delay in answering demonstrates the requisite culpability. This is so because culpable conduct in the default context requires something more than a conscious choice not to answer; "rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Mesle, 615 F.3d at 1092 (internal quotation marks omitted); *see also*, TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 698 (9th Cir.2001) ("[W]e have typically held that a defendant's conduct was culpable for purposes [of determining whether to vacate an entry of default] where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.") (*overruled on other grounds*, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001)).

Second, a review of the entirety of the record persuades the Court that the defendants have sufficiently made some showing of potentially meritorious defenses, which is all that is necessary at this time. *See* Hawaii Carpenters' Trust Funds v.

Stone, 794 F.2d 508, 513 (9th Cir.1986) ("The underlying concern ... is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.")

Third, the record does not establish that a decision to vacate the default will cause the plaintiff any legally cognizable prejudice. While the plaintiff argues that the defendants' failure to timely answer fits into their pattern of delaying a resolution of the plaintiff's claims and the entry of a permanent injunction prohibiting their use of the plaintiff's trademarks, that does not constitute sufficient prejudice. *See* TCI Group Life Ins. Plan, 244 F.3d at 701(Court noted that prejudice requires "greater harm than simply delaying resolution of the case" or "merely being forced to litigate on the merits" since the applicable standard is whether the plaintiff's ability to pursue its claims will be hindered.)

Since the Court concludes that the defendants are entitled to have the default entered against them vacated, the Court sees no purpose in striking the defendants' answer notwithstanding that they did not file it in a timely manner and did not seek permission from the Court to do so. The defendants are, however, admonished that the Court is not disposed to tolerate any additional procedural irregularities on their part in the litigation of this action.[1] Therefore,

IT IS ORDERED that the plaintiff's Motion for Default Judgment and Request for Default Judgment Hearing (Doc. 46) is denied.

IT IS FURTHER ORDERED that the plaintiff's Motion to Strike Defendants' Answer (Doc. 50) is denied.

---

[1] Having reviewed the parties' Joint Case Management Report (Doc. 51), the Court concludes that it has sufficient information to enter an appropriate scheduling order without the necessity of holding a scheduling conference, and will do so by a separate order.

1    IT IS FURTHER ORDERED that Defendants' Motion to Set Aside Clerk's
Entry of Default (Doc. 48) is granted pursuant to Fed.R.Civ.P. 55(c) and that the
Clerk of the Court's Entry of Default (Doc. 45) is vacated as to all of the defendants.

DATED this 8th day of August, 2016.

Paul G. Rosenblatt
United States District Judge